UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>v.<br>O. SCOTT DREXLER,<br><br>　　　　　Defendant. | Case No. 2:16-cr-0046-GMN-PAL<br><br>ORDER<br><br>(Mot. for Joinder – ECF No. 877) |

Before the court is Defendant O. Scott Drexler's Motion for Joinder (ECF No. 877), filed October 14, 2016, and his Sealed Exhibit (ECF No. 1022), filed November 23, 2016. This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice.

The Motion seeks to join the substantive arguments set forth in Defendant Micah McGuire's Motions to Suppress (ECF Nos. 706, 708). However, Drexler adds two points "to the jurisdictional motion to suppress." The joinder argues that (1) a magistrate judge's powers are expressly limited to the federal district that appointed the magistrate judge, and (2) the absence of federal jurisdiction cannot be cured by a procedural means.

The Fourth Amendment secures "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment protects reasonable and legitimate expectations of privacy. *Katz v. United States*, 389 U.S. 347, 350–51 (1967). The Fourth Amendment protects "people, not places." *Id.* at 351. Evidence obtained in violation of the Fourth Amendment, and evidence derived from it may be suppressed as the "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471, 484–87 (1963); *United States v. McClendon*, 713 F.3d 1211, 1215 (9th Cir. 2013).

Because Fourth Amendment rights are personal rights, they may not be vicariously asserted. *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978). To challenge the validity of the search warrant, a defendant must show he personally had (i) a property interest protected by the Fourth Amendment that was interfered with, or (ii) a reasonable expectation of privacy that was invaded by the search. *United States v. Lopez-Cruz*, 730 F.3d 803, 807 (9th Cir. 2013) (quoting *United States v. Padilla*, 508 U.S. 77, 82 (1993)). When a person has no ownership interest in the place or thing searched, he must have a reasonable expectation of privacy to claim a violation of his Fourth Amendment rights. *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1187 (9th Cir. 2015).

The Supreme Court has enunciated a two-part test to determine whether an expectation of privacy is reasonable and legitimate. *Katz*, 389 U.S. at 361. First, the individual must have an actual subjective expectation of privacy, and second, society must recognize that expectation as objectively reasonable. *Id.*; *Lopez-Cruz*, 730 F.3d at 807. To say a defendant lacks Fourth Amendment standing is to say that "*his* reasonable expectation of privacy has not been infringed." *United States v. SDI Future Health, Inc.*, 568 F.3d 684, 695 (9th Cir. 2009) (citing *United States v. Taketa*, 923 F.2d 665, 669 (9th Cir. 1991)). The defendant bears the burden of establishing, under the totality of the circumstances, that the search violated his legitimate expectation of privacy in the place searched or the things seized. *Rakas*, 439 U.S. at 143; *United States v. Davis*, 332 F.3d 1163, 1167 (9th Cir. 2003).

Fourth Amendment rights are personal and cannot be vicariously asserted by others whose own legitimate expectation to privacy have not been invaded. Drexler lacks standing or capacity to contest the validity of the warrant at issue in McGuire's motions. He has not met his burden of showing he had a legitimate expectation of privacy society accepts as reasonable in the content of McGuire's Facebook account.

On November 22, 2016, counsel for Mr. Drexler filed a sealed a copy of a search warrant, search warrant application and affidavit, and related documents for a search warrant issued to search Drexler's Facebook account. The documents were filed as an exhibit to his "joinder to Mr. McGuire's Motion to Suppress." (ECF No. 1022). The exhibit was filed without any express assertion that Drexler intended to assert a violation of his own Fourth Amendment rights based on

the same arguments raised by McGuire. It contained no explanation or argument that he was similarly situated to McGuire.

To the extent Drexler intended the exhibit to assert a violation of his own Fourth Amendment rights, it was not timely filed. The case management order entered in this case on April 26, 2016 (ECF No 321) established an October 3, 2016 deadline for filing pretrial motions required by Rule 12 of the Federal Rules of Criminal Procedure and LCR 12(1)(b). A motion to suppress is a motion which must be filed before trial in compliance with the court's case management order. *See* Fed R. Crim. P. 12(b)(3)(C); LCR 12(1)(b)(8). This court has previously denied untimely requests for joinder. *See* July 6, 2016 Order (ECF No. 577) (noting that "requests for joinder are not a means to extend the pretrial motions deadlines established in the Case Management Order"); *see also, e.g.*, *United States v. Sperow*, 2008 WL 5054580, at *2 (D. Idaho July 23, 2008) (holding that defendant could not circumvent a scheduling order by moving a month later to join in his codefendants' motions). The court signed an order unsealing all search warrants issued in connections with the defendants in this case on April 29, 2016 (ECF No. 346). Thus, Drexler has had more than ample opportunity to file a timely motion to suppress. Filing an exhibit more than seven weeks after the deadline for filing pretrial motions may not be used to avoid a case management deadline imposed by the court.

Having reviewed and considered the matter,

**IT IS ORDERED**, that Drexler's Motion to Join in McGuire's Motions to Suppress (ECF No. 877) is **DENIED**.

DATED this 1st day of February, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE